UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
at ASHLAND

Eastern District of Kentucky
FILED
APR 0 3 2007
At Ashland
LESLIE G. WHITMER
Clerk, U.S. District Court

**Civil Action No. 06-87-HRW**

**REBECCA BLEVINS,**             **PLAINTIFF,**

v.      **MEMORANDUM OPINION AND ORDER**

**JO ANNE B. BARNHART
COMMISSIONER OF SOCIAL SECURITY,**     **DEFENDANT.**

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for disability insurance benefits and supplemental security income benefits. The Court having reviewed the record in this case and the dispositive motions filed by the parties, and being otherwise sufficiently advised, for the reasons set forth herein, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

## II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed her current application for on October 20, 2003, alleging disability beginning on September 2, 2003, due to arthritis of back and lower extremities and depression. This application was denied initially and on reconsideration. On June 14, 2005, a video teleconference was conducted by

Administrative Law Judge R. Neely Owen (hereinafter "ALJ"), wherein Plaintiff, accompanied by counsel, testified (Tr. 469-490). At the hearing, Michael Gore, a vocational expert (hereinafter "VE"), also testified (Tr. 490-497).

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

> Step 1: If the claimant is performing substantial gainful work, he is not disabled.
>
> Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).
>
> Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.
>
> Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.
>
> Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

On November 22, 2005, the ALJ issued his decision finding that Plaintiff

was not disabled (Tr. 19-29).

Plaintiff was 40 years old at the time of the hearing decision with one year of college and past work experience including employment as a retail store manager, salesperson, floral designer, security guard and cashier (Tr. 20).

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of disability (Tr. 28).

The ALJ then determined, at Step 2, that Plaintiff suffered from hypertension, arthritis, asthma, sleep apnea, carpal tunnel syndrome with successful releases bilaterally, torn meniscus of the left knee with successful surgery, obesity and a depressive disorder, which he found to be "severe" within the meaning of the Regulations (Tr. 28).

At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments (Tr. 28). In doing so, the ALJ specifically considered listings 1.02, 9.08, and 12.00 (Tr. 23).

The ALJ found that Plaintiff has the residual functional capacity ("RFC") to perform a significant amount of work at the light level of exertion (Tr. 28). The ALJ further determined that Plaintiff's past relevant work did not require the performance of work-related activity precluded by her RFC (Tr. 28).

3

Accordingly, the ALJ found Plaintiff not to be disabled at Steps 4 and 5 of the sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner on March 22, 2006 (Tr. 6-9).

Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment [Docket Nos. 8 and 9] and this matter is ripe for decision.

### III. ANALYSIS

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human*

4

*Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

On appeal, Plaintiff challenges the ALJ's discrediting of her testimony. It is well established that as the "ALJ has the opportunity to observe the demeanor of a witness, (her) conclusions with respect to credibility should not be discarded lightly and should be accorded deference." *Hardaway v. Secretary of Health and Human Services*, 823 F.2d 922, 928 (6th Cir. 1987).

In this case, the ALJ found that Plaintiff's allegations regarding her limitations were "not totally credible" (Tr. 28). Subjective claims of disabling impairment and symptoms must be supported by objective medical evidence. *Duncan v. Secretary of Health and Human Services*, 801 F.2d 847, 852-853 (6th Cir. 1986). Based upon the record, Plaintiff's subjective complaints do not pass *Duncan* muster as they are not consistent with the medical evidence of record. The record reveals that Plaintff has been treated for a variety of physical ailments. However, the record also shows only mild symptoms and conservative treatment. For example, although diagnosed with carpal tunnel syndrome in April 2004 (Tr.

249-261), Plaintff was treated for the same in the summer 2004. There is nothing in the record to show that Plaintiff experienced problems with her hands after treatment. Indeed, following treatment, there were no functional restrictions placed upon Plaintiff (Tr. 249-261).

Similarly, although Plaintiff twisted her knee and injured her shoulder as a result of a fall in early 2004, x-rays showed no fractures. Follow up examinations showed marked improvement (Tr. 184).

With regard to Plaintiff's back and hip pain, x-rays revealed only mild degenerative changes without any evidence of acute trauma (Tr. 237-238, 304-305, 385-386).

As for Plaintiff's depression, the record shows that she was treated for the same in February of 2003 and again in February 2004. There is no indication of treatment after that date. Dr. Andrea Evans, a consultative examiner noted only mild symptoms (Tr. 180). Dr. Evans further opined that Plaintiff was not psychologically limited to function in an occupational capacity (Tr. 181). Again, notwithstanding Plaintiff's allegations, there is nothing in the record to suggest that Plaintiff's depression is disabling.

Moreover, the ALJ found that despite allegations of disabling pain and discomfort, Plaintff engages in a wide variety of household and other daily

6

activities. The Sixth Circuit Court of Appeals has stated that "[a]n ALJ may consider household and social activities engaged in by the claimant in evaluating a claimant's assertions of pain or ailments." *Walters v. Commissioner of Social Security*, 127 F.3d 525, 532 (6th Cir. 1997). The record establishes that Plaintiff cooks, washed dishes, vacuums, sweeps, does laundry, goes shopping and attends church (Tr. 25).

In sum, Plaintiff has not offered any objective evidence which would support the severity of her subjective claims. As the ALJ noted:

> [W]hen considering the [Plaintiff's] wide variety of daily activities, intermittent medical care, non-compliance with the recommendations of her treating and examining physicians, positive reports from her treating physicians, and the use of over-the-counter pain medications only on an as needed basis, disability could hardly be found on her alleged pain alone."

(Tr. 25).

Having reviewed the record, the Court agrees and finds that the ALJ's determination that Plaintiff can perform light level jobs is supported by substantial evidence.

In her brief, Plaintiff also states that the cumulative impact of her impairments is disabling. This argument lacks merit. Plaintiff fails to explain in what way the ALJ did not consider the combined effect of her impairment. Nor

7

does Plaintiff point to offer evidence which demonstrates that her limitations are beyond those encompassed in the ALJ's RFC. A review of the decision shows that the ALJ properly considered and discussed all of Plaintiff's impairments, alone and in combination, in assessing her credibility and formulating the RFC. The Court finds no error in this regard.

### III. CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the record. Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**. A judgment in favor of the Defendant will be entered contemporaneously herewith.

This April 3, 2007.

Signed By:
*Henry R Wilhoit Jr.*
**United States District Judge**